UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KELLY ANN FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:14-cv-138 |
| | ) | (REEVES/GUYTON) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). [Doc. 25]; see 28 U.S.C. § 2412(d). Plaintiff moves the Court to enter an Order awarding attorney fees in the amount of $6,395.40 for 34.45 hours of attorney work. [Doc. 25, 25-3]. The Commissioner filed an objection [Doc. 26] to Plaintiff's request for attorney fees.

I.  **BACKGROUND**

On August 13, 2013, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Doc. 16 & 17]. On October 10, 2014, the Commissioner filed a Motion for Summary Judgment and Memorandum in Support [Doc. 21 & 22]. United States District Judge Pamela L. Reeves entered an Order [Doc. 24] on May 11, 2015, granting Plaintiff's Motion for Summary Judgment in part.

1

## II. POSITIONS OF THE PARTIES

Plaintiff requests a fee award in the amount of $6,395.40 for 34.45 hours of attorney work. [Doc. 25, 25-3]. In an Affidavit filed on May 14, 2015, Attorney Benjamin Burton acknowledged that the "[a]dditional hours were incurred on this matter are below the customary hours. However, this case presented difficult and lengthy medical records . . . All of the time spent on this case was necessary in order to provide adequate and competent representation of my client." [Doc.25-2 at 3]. The Court interprets Attorney Burton's averment to mean that the additional hours incurred in this matter are *above* the customary hours.

The Commissioner objects [Doc. 26] to the number of hours requested. Specifically, the Commissioner contends that the number of attorney hours spent reviewing the administrative record and conducting legal research and analysis are excessive and many of Attorney Burton's entries are non-compensable. [Id. at 2].

## III. ANALYSIS

Now before the Court is Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

    1. Plaintiff must be a prevailing party;

    2. The Commissioner's position must be without substantial justification;

    3. No special circumstances warranting denial of fees may exist; and

    4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1). The Court will first address whether all four conditions are met for an EAJA award, and then analyze whether the requested EAJA award is reasonable.

### A. Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

### B. The Commissioner's Position Was Without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose an award for EAJA attorney fees, only the amount of hours requested. [Doc. 26]. The Commissioner has thereby conceded that her position in this matter was not substantially justified.

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

Under the EAJA, a party seeking a fee award must file an application within "thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has held that the term "final judgment" "refers to judgments entered *by a court of law*, and does not

3

Case 3:14-cv-00138-PLR-HBG   Document 27   Filed 06/10/15   Page 3 of 8   PageID #: 976

encompass decisions rendered by an administrative agency." Melkonyan v. Sec. of Health & Human Servs., 501 U.S. 89, 96 (1991) (emphasis in the original). The Melkonyan Court went on to hold that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan, 501 U.S. at 96. In a subsequent case, the Supreme Court further explained that:

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—*i.e.,* 30 days after the time for appeal has ended . . . Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment[.]'

Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (citing Fed. Rules App. Proc. 4(a)(1) & (7).).

The Court notes that Plaintiff's case was remanded pursuant to sentence four, [see Doc. 24], on May 11, 2015, and therefore Plaintiff's application [Doc. 25], filed on May 14, 2015, is timely.

**E.      Reasonableness of EAJA Award**

Because Plaintiff has met the four conditions discussed above, the Court moves to the final consideration under 28 U.S.C. § 2412(d) – the reasonableness of the request for attorney fees and costs. Plaintiff requests a fee award in the amount of $6,395.40 for 34.45 hours of attorney work. [Doc. 25, 25-3]. The Court finds this amount excessive because a portion of these hours are non-compensable and unreasonable.

Plaintiff asserts that the number of hours requested is reasonable because the case presented "difficult and lengthy medical records[.]" [Doc. 25-2 at 3]. Plaintiff's attorney submitted an itemized statement of services rendered which reflects a total of 34.45 attorney hours. [Doc. 25-3].

4

The EAJA permits an award of only reasonable attorney's fees. See 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness. See Blum v. Stenson, 465 U.S. 886, 897 (1984). The court is empowered to exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Although there is no hard and fast rule for determining how many hours are hours "reasonably expended" in terms of awarding attorney's fees, see Glass v. Secretary of Health & Human Services, 822 F.2d 19, 21 (6th Cir. 1987) (noting that a "boiler-plate formula for fixing attorney's fees . . . does not comply with our requirement for individualized discretion"), the Sixth Circuit has previously noted that "the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 420 (6th Cir. 1990).

Attorney Burton's billable hours fall within this range. The Court, however, finds that the Plaintiff failed to meet his burden of demonstrating the reasonableness of the hours requested. See Blum v. Stenson, 465 U.S. 886, 897 (1984). The pre-bill submitted by Plaintiff's counsel, which includes clerical, non-attorney work product, places Plaintiff in the least favorable light. [See Doc. 25-3]. The Plaintiff has failed to provide any explanation of why these entries are included or how they qualify as attorney work product. See Potter v. Blue Cross Blue Shield of Michigan, No. 10-CV-14981, 2014 WL 1304327, at *768 (E.D. Mich. Mar.

5

31, 2014) ("attorney time for clerical tasks such as 'file organization' and 'proofread correspondence and filing' is not compensable and fees for such time should be excluded."); Allison v. City of Lansing, No. 503-CV-156, 2007 WL 2114726, at *1 (W.D. Mich. July 19, 2007) ("It is not appropriate to award attorney fees for strictly clerical tasks."). The pre-bill also includes several entries that the Court finds unreasonable in scope. The Plaintiff failed to meet his burden of showing the reasonableness of these entries.

The Court takes issue with following entries in Attorney Burton's pre-bill [Doc. 25-3]:

| # | Date | Description | Hours |
|---|---|---|---|
| 1. | 4/3/14 | Prepared summons, cover sheet, open case file on ECF, filed complaint and summons, service of process, and mailed copy to client. | 2.00 |
| 2. | 6/27/14 | Phone call with ADA re: Defense continuance | 0.50 |
| 3. | 6/27/14 | Received/reviewed/filed Defense motion for continuance | 0.40 |
| 4. | 6/27/14 | advised client of Defense motion for continuance | 0.40 |
| 5. | 6/30/14 | received/reviewed/filed Order for Defense continuance | 0.20 |
| 6. | 7/1/14 | email USDC re Consent to Magistrate | 0.20 |
| 7. | 8/13/14 | Filed MSJ | 0.25 |
| 8. | 9/26/14 | phone call from ADA re Defense motion for continuance | 0.30 |
| 9. | 9/26/14 | informed client of Defense motion for continuance | 0.20 |
| 10. | 9/29/14 | received/reviewed motion of continuance and Order granting same | 0.50 |
| 11. | 10/10/14 | received defendant MSJ | 0.20 |
| 12. | 4/29/15 | Followed up to check ERE to see if Commissioner filed appeal to R&R. | 0.30 |

- **Total:** **5.45**

The Court has identified entries 1, 6, 7, 11, and 12 that are strictly clerical in nature, specifically those entries that appear to require only copying, mailing, forwarding, printing, calendaring, filing, and file organization. See Rodriguez v. Astrue, No. 3:11-CV-398, 2012 WL 2905928, at *3 (N.D. Ohio July 16, 2012) (internal citations omitted) (finding that reviewing emails, forwarding copies of court documents, and "redocketing" were non-compensable); Potter, 2014 WL 1304327, at *768 (excluding entries for file organization and filing). Based on the clerical nature of these entries, the Court finds they are inappropriate for reimbursement under the EAJA. Therefore, the Court strikes these entries, constituting 2.95 hours.

The Court has further identified entries 2, 3, 4, 5, 8, 9, and 10 that are unreasonable in scope. All of these entries constitute coordination of routine extension requests, and the Court finds that Plaintiff has failed to meet his burden of proof as to why Attorney Burton required 2.5 hours to discuss and review Defendant's routine motions for extensions of time or the Court's Orders. [See Docs. 9, 10, 18, & 20]. The Court notes that the first Order granting Defendant's request for an extension of time is a two line entry on ECF constituting the totality of the Court's Order and having no other document attached. [See Doc. 10]. Plaintiff's counsel requests compensation for 0.20 hours of time to receive, read, and file this two sentence Order. [Doc. 25-3]. The Court finds this request, and others of its ilk, unreasonable, and the Plaintiff has failed to show why these activities required such time. The subject of these entries, motions and orders regarding extensions of time, are routine in nature and have nothing to do with Plaintiff's "difficult and lengthy medical records which primarily focused on Plaintiff's extensive back disorders." [Doc. 25-2 at 3]. Accordingly, the Court reduces these hours by half, totaling a compensable amount of 1.25 hours for entries 2, 3, 4, 5, 8, 9, and 10.

Accordingly, the Court reduces Plaintiff's requested EAJA fees by a total of 4.2 hours.

The Court approves Plaintiff's hourly rate of $180 per hour for all hours worked in 2014 and $183 per hour for all attorney hours accumulated in 2015. The total amount of compensable hours in this matter is 30.25, with 26.7 hours worked in 2014 at a rate of $180 per hour, and 3.55 hours worked in 2015 at a rate of $183. The total amount compensable in this matter is **$5,455.65.**

IV.  **CONCLUSION**

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken in part. It is hereby **RECOMMENDED**[2] that Plaintiff's Petition for Award of Fees pursuant to the Equal Access to Justice Act, **[Doc. 25]** be **GRANTED in part**, and a judgment awarding Plaintiff the amount of **$5,455.65** for EAJA attorney fees be entered.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).